**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

CRAIG EDWARD MARSHALL REYNOLDS,
Plaintiff,

v.

TYLER TECHNOLOGIES, INC.,
ELISA CHINN-GARY, in her individual capacity, and
HON. APRIL MACK, in her individual capacity,
Defendants.

Civil Action No. 3:25-cv-580-MOC

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
(Jury Trial Demanded)

**PRELIMINARY STATEMENT**

1.  This action arises out of (1) the unlawful public disclosure of Plaintiff's confidential medical records by Defendant Tyler Technologies, Inc., in violation of North Carolina statutory and common law, and (2) the repeated refusal of court officials to process Plaintiff's disability-related motions or correct that disclosure, constituting a deprivation of constitutional rights under color of law in violation of 42 U.S.C. § 1983.

2.  Plaintiff, a pro se litigant with documented medical disability, sought judicial accommodations and confidential treatment of protected health information. Instead, his records were exposed to the public through a breach of Tyler Technologies' eFiling platform, and his motions were actively suppressed by court officials acting with deliberate indifference and discriminatory animus.

3.  Defendants' conduct has resulted in serious reputational, emotional, and constitutional harm to Plaintiff, and violates the guarantees of the Fourteenth Amendment, the Americans with Disabilities Act, and applicable state and federal privacy statutes.

**JURISDICTION AND VENUE**

4.  This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction) as to Defendant Tyler Technologies, Inc., as the parties are citizens of different states and the amount in controversy exceeds $75,000.

5.  This Court also has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) as to Defendants Elisa Chinn-Gary and April Mack for claims brought under 42 U.S.C. § 1983.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims occurred in Mecklenburg County, North Carolina.

**PARTIES**

7. Plaintiff Craig Edward Marshall Reynolds is a natural person residing in Charlotte, North Carolina.

8. Defendant Tyler Technologies, Inc. is a Delaware corporation with its principal place of business in Plano, Texas. It provides the Odyssey File & Serve™ platform used by the North Carolina courts.

9. Defendant Elisa Chinn-Gary is the elected Clerk of Superior Court for Mecklenburg County. She is sued in her individual capacity for acts taken under color of state law.

10. Defendant Hon. April Mack is a District Court Judge in Mecklenburg County. She is sued in her individual capacity for acts taken under color of state law.

## FACTUAL ALLEGATIONS

11. On or about June 6, 2025, Plaintiff submitted an ADA-related filing and accompanying confidential medical documentation through the Odyssey File & Serve™ portal administered by Defendant Tyler Technologies.

12. Plaintiff designated the medical records as "eFile Only" and "Confidential," relying on Tyler's contractual representations and platform controls designed to protect such documents.

13. Despite these designations, Tyler Technologies' system failed to enforce the privacy restrictions, and Plaintiff's confidential health information was made publicly accessible over the internet.

14. Tyler Technologies failed to implement appropriate technical safeguards required by 45 C.F.R. § 164.312 and state data protection law, including the North Carolina Identity Theft Protection Act.

15. When Plaintiff filed motions to obtain ADA accommodation, which would have triggered an order to seal from the Mecklenburg County Court Judge, April Mack, both Defendant Chinn-Gary and Defendant Mack refused to acknowledge, docket, or adjudicate those motions.

16. Motions submitted by Plaintiff were ignored while filings from opposing parties were processed without delay.

17. Plaintiff was denied meaningful access to the courts due to this discriminatory and selective treatment, in violation of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

## CLAIMS FOR RELIEF

### Count I – Negligence and NIED
*(Against Defendant Tyler Technologies, Inc.)*

18. Plaintiff realleges all prior paragraphs.

19. Tyler Technologies owed a duty of care to protect the confidentiality of medical records submitted via its system. That duty was breached by its failure to enforce designated privacy settings.

20. Plaintiff suffered severe emotional distress, humiliation, and reputational damage, proximately caused by this breach.

## Count II – Public Disclosure of Private Facts
*(Against Defendant Tyler Technologies, Inc.)*

21. Tyler's disclosure of Plaintiff's private health information was highly offensive to a reasonable person and served no legitimate public interest.

## Count III – Violation of N.C. Gen. Stat. § 75-60 et seq. (ITPA)
*(Against Defendant Tyler Technologies, Inc.)*

22. Tyler failed to maintain reasonable security procedures, constituting a "security breach" under § 75-61(14). Plaintiff is entitled to actual damages, treble damages, and legal fees under § 75-77.

## Count IV – Violation of N.C. Gen. Stat. § 75-1.1 (UDTPA)
*(Against Defendant Tyler Technologies, Inc.)*

23. Tyler's representations regarding document confidentiality were deceptive and materially induced reliance. The breach constitutes an unfair and deceptive practice.

## Count V – Deprivation of Due Process and Equal Protection (42 U.S.C. § 1983)
*(Against Defendants Chinn-Gary and Mack in their individual capacities)*

24. Defendants, acting under color of law, selectively refused to process Plaintiff's motions while facilitating those of other litigants, thereby denying Plaintiff access to the courts.

25. Defendants' refusal to acknowledge or act upon Plaintiff's ADA accommodation and motions that would have triggered an order to seal was arbitrary, discriminatory, and in violation of established legal duties under both state and federal law.

## Count VI – Injunctive Relief (as to all Defendants)

26. Plaintiff seeks injunctive relief to prohibit further dissemination of his PHI, compel deletion of records, and require implementation of technical safeguards and ADA compliance procedures.

## Count VII – Injunctive Relief
*Against Defendant Tyler Technologies, Inc.*

27. Plaintiff seeks injunctive relief enjoining Defendant Tyler Technologies, Inc., from operating or deploying its Odyssey File & Serve™ eFiling system in this judicial district or administrative tribunal within this district unless and until such time as Tyler demonstrates, under independent audit, that the platform's technical safeguards and access controls fully comply with the security standards set forth in 45 C.F.R. §§ 164.308–164.312, the National Institute of Standards and Technology (NIST) Special Publication 800-53, and all applicable North Carolina analogues within this district.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined at trial, but not less than $125,000 against Tyler Technologies;

B. Award punitive damages against all Defendants where permitted by law;

C. Award treble damages and attorneys' fees pursuant to N.C.G.S. §§ 75-16 and 75-77;

D. Issue a declaratory judgment that Defendants' actions violated Plaintiff's constitutional and statutory rights;

E. Enjoin further dissemination of Plaintiff's PHI and compel proper ADA-compliance protocols;

F. Enjoin Defendant Tyler Technologies, Inc., from operating or deploying its Odyssey File & Serve™ eFiling system in this judicial district or administrative tribunal within this district; and

G. Grant any other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 28 day of July , 2025.

CRAIG EDWARD MARSHALL REYNOLDS
1428 Nature Place
Charlotte, NC 28214
trekkie0805@gmail.com
(410) 849-9832
Pro Se Plaintiff